FILED
SEP 24 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW D. PINNAVAIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2260 (UNA) |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff alleges that his father, Joseph C. Pinnavaia, uncovered "massive fraud[] . . . against the government of the United States of America," Compl. ¶ 4, and informed the Secretary of the Treasury of this fraud in 1979, *id.* ¶ 15. Plaintiff further alleges that the Internal Revenue Service ("IRS") did not acknowledge Mr. Pinnavaia's contribution, *see id.* ¶ 7, notwithstanding the IRS's recovery of "approximately $390,000 . . . from a fraudulent . . . federal tax return," *id.* ¶ 8, and "approximately $10 billion . . . as a result of the expertise" of Mr. Pinnavaia, *id.* ¶ 11; *see id.* ¶ 14. Based on Mr. Pinnavaia's work and information plaintiff obtained from the IRS through Freedom of Information Act, requests *see id.* ¶¶ 14, 18-19, on April 6, 2021, plaintiff submitted a Form 211, Application for Award for Original Information, *see id.*, Ex. 3, and now demands an award of $1.5 billion, *id.* ¶ 21, "under the Federal Statute- the IRS Tax Whistle-Blower Claim, Section 7623(a) or (b)," *id.* ¶ 19.

Under 26 U.S.C. § 7623, "the IRS [may] give an award for information that the IRS uses to collect tax or bring to trial persons guilty of violating internal revenue laws." *Kennedy v. Comm'r of Internal Revenue*, 121 T.C.M. (CCH) 1008, 2021 WL 100583, at *11 (T.C. 2021). An award under § 7623(a) is discretionary; "whether an award is paid and the amount of such an award is entirely within the [Whistleblower Office's] discretion." *Id.*, 2021 WL 100583, at *12; *see*

1

*Colman v. United States*, 96 Fed. Cl. 633, 639 (2011) (explaining that "the statute grants broad discretionary authority to the Secretary of the Treasury to make payments to those who assist in detecting underpayments of tax, and in bringing to trial persons found guilty of violating the federal tax laws"). Congress enacted amendments in 2006 "to address perceived problems with the discretionary award regime," and "[a] whistleblower is now entitled to a minimum nondiscretionary award of 15% of the collected proceeds if the Commissioner [of Internal Revenue] proceeds with administrative or judicial action using information provided in a whistleblower claim." *Whistleblower 11332-13W v. Comm'r*, 142 T.C. 396, 400 (2014) (quoting 26 U.S.C. § 7628(b)(1)).

It appears that plaintiff's claim is premature. There is a process by which the Internal Revenue Service's Whistleblower Office acknowledges receipt of, processes, and makes a determination regarding a claim. *See Whistleblower 11332-13W*, 142 T.C. at 401-02 (describing Whistleblower Office regulations and procedures). While plaintiff alleges that he submitted a claim, it does not appear that the Whistleblower Office has made its determination. Second, if the Whistleblower Office had made a determination, an appeal of the award determination must be brought before the United States Tax Court. *See id.* at 403 ("[T]he Tax Court has exclusive jurisdiction over appeals of award determinations where a whistleblower provided information both before and after" amendment of the statute).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss his *pro se* complaint without prejudice. An Order is issued separately.

DATE: September 24, 2021            /s/
                                    AMY BERMAN JACKSON
                                    United States District Judge